```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA,       )
                                )
           Plaintiff,           )      CASE NO. 4:13CR107
                                )
              VS.               )
                                )
REGINA SWIMS-KING,              )
                                )
           Defendant.           )
_____


         SENTENCING AS TO COUNT 1 OF THE INDICTMENT
             BEFORE DISTRICT JUDGE MICHAEL P. MILLS
            THURSDAY, DECEMBER 18, 2014; 1:35 P.M.
                     OXFORD, MISSISSIPPI


FOR THE GOVERNMENT:

     United States Attorney's Office
     BY:  CLAY DABBS, ESQ.
     900 Jefferson Avenue
     Oxford, Mississippi  38655-3608


FOR THE DEFENDANT:

     Attorney at Law
     CYNTHIA A. STEWART, ESQ.
     2088 Main Street
     Suite A
     Madison, Mississippi 39110



     Proceedings recorded by mechanical stenography, transcript
produced by computer.
_____

             RITA DAVIS YOUNG, CSR 1626, RPR, FCRR
                 FEDERAL OFFICIAL COURT REPORTER
                911 JACKSON AVENUE EAST, SUITE 369
                     OXFORD, MISSISSIPPI 38655
```

1      (CALL TO ORDER OF THE COURT)

2          THE COURT:  Mrs. Pennebaker, would you call the
3 docket.

4          THE COURTROOM DEPUTY:  Court calls Cause No.
5 4:13CR107, *United States of America v. Regina Swims-King*.  This
6 is a sentencing as to Count 1 of the indictment.

7          THE COURT:  All right.

8      Who do we have from the Government?

9          MR. DABBS:  Clay Dabbs, Your Honor; and Mike Loggins,
10 who is with (inaudible).

11         THE COURT:  All right.  Glad to have you.

12         MR. WRIGHT:  And Sam Wright, Your Honor.

13         THE COURT:  Glad to have you.

14     Who do we have from the defense?

15         MS. STEWART:  Your Honor, we have no witnesses to
16 present.  It's myself and Regina King.

17         THE COURT:  Okay.  And what is your name,
18 Ms. Stewart?

19         MS. STEWART:  Cynthia Stewart.

20         THE COURT:  The reason I ask you that is so it's on
21 the record.

22     And who do we have from probation?

23         MR. MARLIER:  Brandon Marlier, Your Honor.

24         THE COURT:  And Ms. Stewart, before we begin, do we
25 have any unresolved objections?

```
 1          MS. STEWART:  I do not believe so.  There was a
 2 factual matter I addressed.  I do not think it's material.  I
 3 do not think it needs to be addressed by the Court.  And we
 4 withdrew the objection to the amount of the loss which is, I
 5 think, the only one that would have required the Court's
 6 ruling.
 7          THE COURT:  Okay.  So you have no objections?
 8          MS. STEWART:  Yes, sir.
 9          THE COURT:  All right.
10     Does the Government have any objections?
11          MR. DABBS:  No, Your Honor.
12          THE COURT:  Are you ready to proceed?
13          MS. STEWART:  We are, Your Honor.
14          THE COURT:  If you would come forward, please.
15     (Parties complying).
16          THE COURT:  Ms. Stewart, you have reviewed the
17 presentence report with your client; is that correct?
18          MS. STEWART:  Yes, sir.
19          THE COURT:  And there are no objections?
20          MS. STEWART:  No objections.
21          THE COURT:  All right.  Ms. King, before you're --
22 let's see.  You pled guilty to Count 1 of the indictment, which
23 charged you with healthcare fraud.  Before your sentencing, is
24 there anything you would like to say?
25          THE DEFENDANT:  No, sir.
```

1          THE COURT:  All right.  Would you care to say
2 anything?
3          MS. STEWART:  Yes, Your Honor.  I'm well-aware that
4 this Court's policy and practice -- and that it has done so in
5 this case -- is to read everything.  I have filed a memorandum
6 in support of my motion for a downward departure and variance
7 and a sentencing memorandum which are very similar in nature.
8      What I would point out to this Court about this particular
9 defendant is that she came from a background so poverty
10 stricken that she did not have indoor plumbing until age 16.
11 She managed to pull herself up in a bootstrap -- in a fashion
12 seldom seen these days all the way to her RN degree while
13 raising two children on her own.
14      She has cooperated by signing over forfeiture.  She has
15 lost everything and, in a way, come full circle.  Because
16 whatever this Court does to her, she is starting from scratch.
17 She can't practice nursing again because of the exclusion in
18 place by Medicaid -- Medicare.
19      She can't work anywhere that receives any funding however
20 remote, which leaves about the only job using her skills
21 available to her would be private employment as a sitter, that
22 I can see; or that I'm aware of.  So she's -- she is paying the
23 price of what she worked her entire life to gain.  And it's a
24 big price.
25      You know, I went through law school with student loans;

1  but I didn't, by no means, pull myself up by my bootstraps the
2  way she did.  And I think very few of us can claim that we did,
3  and I think that's something that deserves notice by this
4  Court.
5      She has no -- virtually, no criminal record.  I think,
6  perhaps, a speeding ticket is as bad as it gets.  She's raised
7  three children.  She has led an otherwise exemplary life.
8  There is a cooperation agreement in place, although, that has
9  not taken place, that might be recognized at a later time by a
10 Rule 35 motion.
11     And I think, as set out in my motion for a downward
12 departure and a variance, the factors there merit this court
13 considering departing downward and giving her less than the
14 applicable guideline range, which I believe is 63 to 78 months.
15     And we would respectfully ask that in light of the factors
16 set out in the motion and memorandum and the letters provided
17 to this Court that the Court consider and grant a downward
18 departure and/or a variance.  We'd also ask that those letters
19 be a made a part of the record, perhaps either under seal or by
20 attaching them to the presentence report.
21         THE COURT:  All right.  I had some -- I already --
22         MS. STEWART:  I think you already had those, Judge;
23 but I wasn't positive; and I wanted to make sure you had all of
24 them.  And I provided an identical set to the prosecutor.
25         THE COURT:  Okay.  Well, I knew I had the originals

1 here.

2        MS. STEWART:  Those are the originals.  And I think
3 you had previously been --

4        THE COURT:  I already had a set.

5        MS. STEWART:  I think it's the same set, Judge.

6        THE COURT:  Okay.  It is.  It appears to be.  But
7 we'll put them in the record, if you want to.

8        MS. STEWART:  Thank you, Judge.

9        THE COURT:  I'll give you the set, Mrs. Pennebaker.
10 All right.  What else you have?

11        MS. STEWART:  Thank you, Judge.  That's all.

12        THE COURT:  Do you have anything to say?

13        MR. DABBS:  Just briefly, Your Honor.  Your Honor,
14 Medicare is a trust fund; and the American public pays into
15 that fund.  And then it is -- that money is suppose to be used
16 to take care of the elderly and the disabled.

17     One of the things that that money could be used for is to
18 take care of people that are dying and provide their care at
19 the end of their life, the last weeks or months of their life.
20 And Ms. King abused this system, and she received just shy of
21 $13 million in a 2½-year period.

22     And I give her credit for pleading guilty.  She's admitted
23 to an amount of loss that's just shy of $8 million.  So we're
24 not talking about just trying to pay the bills.  She wrote a
25 hospice check for a $92,000 Jaguar, along with 17 other

1 vehicles that have been forfeited and numerous pieces of
2 property.
3 　　　So this is a significant case.  It's an important case.
4 It's a runaway problem in our district.  Obviously, the
5 sentence is up to the discretion of the Court.  I just would
6 point that out to the Court, and the Government's position
7 would be that the guidelines in this case are appropriate.
8 　　　　　　THE COURT:  All right.  Thank you.
9 　　　　　　MS. STEWART:  Your Honor, I would point out that
10 while it doesn't excuse her behavior, that what she did was
11 provide the people close to her who had nothing with a place to
12 live and a vehicle to drive; and that any funds received from
13 those properties, I believe, went to her husband with whom
14 she's in a non-amicable divorce that's kind of on hold as a
15 result of all this.
16 　　　　　　THE COURT:  All right.  Well, I'm about to state the
17 reasons for your sentence.  There being no objections, I will
18 adopt the presentence investigation report without change.
19 There weren't any changes, were there?
20 　　　　　　MS. STEWART:  No, sir.
21 　　　　　　THE COURT:  Okay.  And I find that no count of
22 conviction carries a mandatory minimum sentence.  Under the
23 statute, you could receive up to 10 years, up to a $250,000
24 fine; 0 to 3 years supervised release; and a $100 special
25 assessment.

1      Under the guidelines, you have a total offense level of
2 26, a criminal history category of Roman Numeral I.  The
3 guidelines provide for an imprisonment range of 63 months to 78
4 months and a supervised release of one to three years and a
5 fine of $12,500 up to $125,000.  The fine will be waived
6 because of your inability to pay.
7      The total amount of restitution in this case as agreed
8 upon is $7,941,335.26.  And in imposing the sentence, I've
9 considered the advisory guideline range, the statutory
10 penalties, and the sentencing factors enumerated in 18 U.S.C.
11 Section 3553(a)(2).
12     I find no reason to depart from the sentence called for by
13 application of the guidelines since the facts as found are of
14 the kind contemplated by the Commission.  I've -- I did review
15 the letters.  And most of them declare you to be a fine
16 Christian woman, which is a bit inconsistent with the facts
17 that are found.
18     What you have done has caused an awful lot of harm.  And I
19 really think there are two mala factors in this.  If I
20 remember, as early as maybe 2011 or shortly after she got her
21 license or certificate, people started calling and telling the
22 folks at health and human services or Medicare what was going
23 on.
24     There were several phone calls that were made.  And I
25 couldn't tell anything was done.  And I don't know what kind of

1  oversight Medicare has in this region or what the region

2  covers, but it's not adequate.  If you're allowing this to go

3  on for this long and this openly where you, Ms. King, were

4  going out and recruiting people to get hospice care who did not

5  need it.

6       And it wasn't just two or three.  It was -- it appears to

7  have been a -- just a massive fraud.  And on the one hand, I

8  think it was fueled by your greed -- and that's what it is.

9  And that's sad enough and bad enough.  But you were taking the

10 services and Government dollars from people who really needed

11 it.

12      And I can't think of anyone more vulnerable in our

13 population -- and particularly the poor people in the

14 Mississippi Delta who needed those services.  And every time

15 you stole, you were taking those services away from somebody

16 who needed it.

17      You were providing services to people who did not need it,

18 if you were providing services.  And you were taking the money

19 to do with as you pleased.  And the brazenness of what you

20 did -- and, for at least three or four years, it appears the

21 failure of the department of Medicare to do anything about

22 it -- is an outrage.

23      Now, I don't know how long you serve will have any -- have

24 much to do with changing you.  But we can protect the public

25 from you for some period of time.  So this will be your

1  sentence:  Pursuant to the Sentencing Reform Act of 1984, it is
2  the judgment of the Court that the defendant, Regina
3  Swims-King, is hereby committed to the custody of the Bureau of
4  Prisons to be imprisoned for a term of 70 months on Count 1 of
5  the indictment.
6       Upon release from imprisonment, the defendant shall be
7  placed on supervised release for a term of three years.  The
8  defendant shall comply with the following mandatory conditions:
9  She shall not possess a firearm, destructive device or any
10 other dangerous weapon.  She shall cooperate in the collection
11 of DNA as directed by the probation officer.
12      She shall comply with the standard conditions that have
13 been adopted by this Court and the following special
14 conditions:  The defendant shall provide the probation officer
15 with access to any requested financial information.  The
16 defendant shall not incur new credit charges or open additional
17 lines of credit without approval of the probation officer,
18 unless she is in compliance with the installment payment
19 schedule.
20      Restitution in the amount of $7,941,335.26 shall be made
21 directly to the U.S. District Court Clerk's Office, Northern
22 District of Mississippi, for disbursement to the victims.  And
23 the victim is Medicare, Division of Accounting Operations, P.O.
24 Box 7520, Baltimore, Maryland.  Payments to begin immediately
25 in equal monthly installments while incarcerated.

1     Any balance remaining upon release from incarceration
2 shall be paid in equal monthly installments as determined by
3 application of the criminal monetary payment schedule adopted
4 by this Court.  Payments to commence 60 days upon release from
5 incarceration.  No fine is being ordered due to her inability
6 to pay.  She shall pay to the U.S. District Court Clerk's
7 Office, Northern District of Mississippi, a special assessment
8 of $100, which is due immediately.
9     You have the right to appeal any sentence imposed
10 illegally or as a result of a miscalculation of the guidelines
11 or outside the guideline range or one that is plainly
12 unreasonable.  If you're unable to pay for the cost of an
13 appeal, you may request the Court to waive such cost and/or
14 appoint you an attorney.
15     Do you understand the sentence I've just stated?
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Do you want to remain out on bond and get
18 to the institution on your own?
19         MS. STEWART:  Yes, sir.
20         THE COURT:  It will be designated for you.  And I'm
21 going to designate Monday, February 23rd, 2015 as the day for
22 you to report.  I'm going to ask you to sign a voluntary
23 surrender form and ask your attorney to witness it.
24         MS. STEWART:  Your Honor, we would you like to ask
25 for a recommendation for a facility at Springfield, Missouri.

```
 1  It's got --
 2            THE COURT:  Springfield?
 3            MS. STEWART:  Yes, sir.  She says it -- well, we're
 4  not requesting Yazoo, and she -- oh, I'm sorry.  And
 5  Springfield, I believe, has programs available that would
 6  benefit her; and I think, at this point in her life, she's
 7  suffering from some serious clinical depression issues.
 8            THE COURT:  Well, I'll be glad to make that request.
 9  I can't tell them.  I will.  We'll put that request in there.
10       All right.  You want to file that?  All right.  You'll be
11  notified by the clerk of the court as the place for you to
12  report.  Is there anything further?
13            MR. DABBS:  Your Honor, at this time, the Government
14  would move to dismiss the remaining counts of the indictment as
15  to Ms. King.  And also, Mr. Wright would like to make a request
16  in regards to forfeiture.
17            THE COURT:  Okay.  We'll dismiss those counts.
18       Yes, sir?
19            MR. WRIGHT:  Your Honor, may I address the Court from
20  the table?
21            THE COURT:  Be fine.
22            MR. WRIGHT:  Thank you.  Just brief housekeeping
23  matters on the forfeiture, Your Honor.  The Court entered a
24  preliminary order of forfeiture as Document No. 24 on the
25  docket.  I would ask that the probation service incorporate
```

1  that into their judgment that's entered.

2       And also, just to give the Court an update, now that the

3  restitution order will be entered, the United States Marshals

4  Service can start liquidating some of this property.  The cars

5  will be, obviously, the easiest ones.  And we're still

6  processing and liquidating the real properties as quickly as

7  possible.

8       But once these properties are liquidated, now that the

9  restitution order's entered, it gives the Government the

10 ability to do a restoration procedure, where those proceeds are

11 going to come back to be applied to the restitution that's

12 being entered.

13      The Government's not doubling them up, collecting the

14 forfeiture and the restitution.  We'll apply everything to the

15 restitution order.

16           THE COURT:  What you need me to do?

17           MR. WRIGHT:  I was just wanting the order to be

18 ordered as part of the judgment, and just -- it's just for

19 record purposes, that she understands is part of her sentence.

20 And then I was giving the Court an update on the forfeiture

21 part.

22           THE COURT:  All right.  Anything further?

23           MR. DABBS:  No, Your Honor.

24           THE COURT:  Court will be in recess.

25           MS. STEWART:  Thank you.
                    (THE HEARING ENDED AT 1:54 p.m.)

1          CERTIFICATE OF OFFICIAL REPORTER

2

3

4          I, Rita Davis Young, Federal Official Realtime

5   Court Reporter, in and for the United States District Court for

6   the Northern District of Mississippi, do hereby certify that

7   pursuant to Section 753, Title 28, United States Code that the

8   foregoing is a true and correct transcript of the

9   stenographically reported proceedings held in the

10  above-entitled matter; and that the transcript page format is

11  in conformance with the regulations of the Judicial Conference

12  of the United States.

13

14

15                          Dated this 3rd day of February, 2015.

16

17

18

19                          /s/ Rita Davis Young
                            RITA DAVIS YOUNG, CSR NO. 1626, FCRR
20                          Federal Official Court Reporter

21

22

23

24

25